THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.T., individually,<br><br>Plaintiff,<br><br>vs.<br><br>EVERETT SCHOOL DISTRICT, a public corporation; CAROL WHITEHEAD, an individual; CRAIG VERVER, an individual,<br><br>Defendants. | NO. 2:16-cv-01536-JLR<br><br>DEFENDANT CRAIG VERVER'S MOTION TO DISMISS UNDER RULE 12(B)(6)<br><br>NOTED ON MOTION CALENDAR:<br>FRIDAY, NOVEMBER 18, 2016 |

## I.  RELIEF REQUESTED

Plaintiff A.T. has failed to state a legally cognizable claim under 42 U.S.C. § 1983. Accordingly, Defendant Craig Verver moves to dismiss Plaintiff's claim against him pursuant to Rule 12(b)(6). The facts stated herein are as they are alleged in the Complaint and Amended Complaint, and are presented for purposes of this motion only. Defendant Craig Verver does not admit these facts as true.

DEFENDANT CRAIG VEVER'S
MOTION TO DISMISS - 1
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN
WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:    (425) 259-6435

## II. FACTS

Plaintiff A.T.'s claims arise out of interactions between her and Defendant Craig Verver that occurred from approximately 2001-2003. *See* Complaint, ECF No. 1, ¶ 7; Amended Complaint, ECF No. 7, ¶ 7. A.T. was a high school student in several of Mr. Verver's classes during this time period, and she also was acquainted with him through her involvement with the National Honor Society and in planning her Senior Project. *Id.* A.T.'s first individual interaction with Mr. Verver was when she was a junior in his class during the 2001-2002 school year. *Id.* at ¶ 9. At one point during this school year, A.T. and Mr. Verver spoke about her need to take calculated risks for the sake of her college admissions. *Id.* Later that year, in April of 2002, Mr. Verver hugged A.T. after she was nominated for an Outstanding Student Award. *Id.* at ¶ 10. At some point during the subsequent summer, Mr. Verver urged A.T. to run for Honor Society President the following school year. *Id.* He also gave A.T. his personal email address and cell phone number so they could be in contact over the summer. *Id.*

On October 20, 2002, when A.T. was seventeen years' old, she had a conversation with Mr. Verver after the school Homecoming Dance, in which he spoke of her "uniqueness," among other things. *Id.* at ¶ 11. During this conversation, Mr. Verver talked about A.T.'s future and he also shared personal details about his marital problems. *Id.* Approximately one or two weeks later, Mr. Verver informed A.T. that he was upset that he had just learned his wife was pregnant. *Id.* at ¶ 12.

During an undated encounter that presumably occurred during the 2002-2003 school year, A.T. and Mr. Verver had a conversation in which she said she felt uncomfortable and an unsure about her boundaries. *Id.* at ¶ 13. Mr. Verver then approached A.T., sat next to her on a couch, and asked her if she felt uncomfortable at that moment. *Id.* He then put his hand on A.T.'s thigh and asked her "if her date did that, would [she] be able to tell him no." *Id.*

DEFENDANT CRAIG VEVER'S
MOTION TO DISMISS - 2
CASE NO. 2:16-cv-01536-JLR

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435

A.T. turned eighteen years' old on January 5, 2003. *Id*. at ¶ 14. Later that month, Mr. Verver hugged A.T. at the door of his classroom and gave her a kiss on the cheek. *Id*. The next time the two saw each other, Mr. Verver asked A.T. how she felt about the kiss and she said it made her nervous. *Id*. At the end of that month, Mr. Verver kissed A.T. "heavily with his tongue and tried to put his hands up her shirt." *Id*. at ¶ 15. A.T. felt powerless and scared about making Mr. Verver angry, and when she got home she hid in her closet and cried uncontrollably. *Id*. The following school day Mr. Verver told A.T. that what occurred could never happen again, but he then kissed her. *Id*.

Between the end of January 2003 and April 26, 2003, physical encounters between A.T. and Mr. Verver "escalated in intensity and intimacy." Id. at ¶ 16. On April 26, 2003, A.T. and Mr. Verver had sex for the first time. *Id*. The two subsequently had sexual intercourse in various locations on school property during the remaining months of the school year. *Id*. at ¶ 17. On numerous occasions, A.T. told Mr. Verver she did not want to continue. *Id*. at ¶ 18. Mr. Verver, however, manipulated the situation. *Id*.

On September 30, 2016, Plaintiff filed a Complaint asserting several causes of action. *See* Complaint, ECF No. 1, ¶¶ 23-25. Of the three causes of action listed in the Complaint, only Count I—a claim arising under 42 U.S.C. § 1983 based on the "creation of an actual, particularized danger … in violation of the [Plaintiff's] Ninth and Fourteenth Amendment" rights—was asserted against Defendant Craig Verver. *See id.* at ¶ 23. The remaining causes of action were alleged solely against Defendant Everett School District. *See id.* at ¶ 24-25.

On October 17, 2016, Plaintiff amended her complaint, adding two more causes of action arising under Washington state law that were alleged specifically against Defendant Everett School District. *See* Amended Complaint, ECF No. 7, ¶¶ 26-27. When the Amended Complaint was filed,

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

Defendant Craig Verver was not represented by counsel or a registered participant in the ECF system, so Plaintiff was required to serve Mr. Verver in paper form to effect service in accordance with Local Civil Rule 5(b). The Amended Complaint, however, lacked any certificate or acknowledgement of service as is required by Local Civil Rule 5(f).[1]

Lack of service notwithstanding, the Amended Complaint contains identical alleged facts as the original. *Compare* Complaint, ECF No. 1, ¶¶ 7-22, *with* Amended Complaint, ECF No. 7, ¶¶ 7-22. Moreover, it does not allege any additional causes of action against Mr. Verver – the additional claims are solely directed at other defendants. *See* Amended Complaint, ECF No. 7, ¶¶ 26-27.

### III. STATEMENT OF THE ISSUE

Should Defendant Craig Verver's motion to dismiss be granted where Plaintiff's Complaint and/or Amended Complaint fails to state a claim against Defendant Craig Verver that is not barred by the statute of limitations?

### IV. LEGAL AUTHORITIES AND ARGUMENT

**A. Standard of Review**

A motion to dismiss under Rule 12(b)(6) is proper where it is apparent on the face of the complaint that the applicable statute of limitations has run. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). To determine the timeliness of claims arising under 42 U.S.C. § 1983, the court must determine whether the plaintiff has alleged "discrete acts that would violate the Constitution that occurred within the limitations period." *RK Ventures, Inc. v. City of Seattle*, 307

---

[1] The date of service of the Amended Complaint is determinative of Defendant Verver's deadline to respond. In this case his response is due 14 days after service of the amended pleading, as the amendment was filed with less than 14 days remaining to respond to the original pleading. *See* Fed. R. Civ. P. 15(a)(3).

DEFENDANT CRAIG VEVER'S
MOTION TO DISMISS - 4
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN
WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435

F.3d 1045, 1058 (9th Cir. 2002) (internal quotations omitted) *(*citing *Nat'l R.R. Passenger Corp. v. Morgan,* 122 S.Ct. 2061, 2072 (2002)).

### B. The Statute of Limitations for § 1983 Claims is Three Years in Washington

Statutes of limitations are intended to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Gabelli v. S.E.C.*, 133 S. Ct. 1216, 1221, (2013) (quoting *Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–349 (1944)). Because 42 U.S.C. § 1983 "does not contain its own limitations period, ... the Supreme Court has held that the appropriate period is that of the forum state's statute of limitations for personal injury torts." *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994*); see also Felder v. Casey*, 487 U.S. 131, 140 (1988) ("[W]e have directed the lower federal courts in § 1983 cases to borrow the state-law limitations period for personal injury claims."); *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) ("When ... a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts."); *Taylor v. Regents of the University of California*, 993 F.2d 710, 711 (9th Cir 1993). In Washington, the limitations period for personal injury torts is three years. *See Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989); *Robinson v. City of Seattle*, 119 Wash.2d 34, 86 (1992); RCW 4.16.080(2). Thus, the statute of limitations applied to § 1983 claims arising out of conduct that occurred in Washington is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

And while state law "determines the *length* of the limitations period, federal law determines when a civil rights claim *accrues*." *Lukovsky*, 535 F.3d at 1048 (emphasis in

DEFENDANT CRAIG VEVER'S
MOTION TO DISMISS - 5
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN
WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435

original). "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citations omitted). That is, "the limitations period commences when the plaintiff has a complete and present cause of action." *Bay Area Laundry v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997) (citations omitted).

### C. A.T.'s Complaint was Filed Well After Any Possible Claims Accrued

Under the most liberal reading of the complaint, any possible claim by Plaintiff against Defendant Verver accrued in 2003. *See* Complaint, ECF No. 1, ¶¶ 17-18; Amended Complaint, ECF No. 7, ¶¶ 17-18. The complaint does not contain a single assertion that Mr. Verver had any interaction with Plaintiff A.T. after the 2002-2003 school year. And, drawing all inferences in favor of the Plaintiff, the undated allegation that Mr. Verver "manipulated the situation" refers specifically to when A.T. was a student. *See* Complaint, ECF No. 1, ¶ 18; Amended Complaint, ECF No. 7, ¶ 18. Plaintiff A.T. was a high-school senior in 2002 and 2003, *see* Complaint, ECF No. 1, ¶ 11; Amended Complaint, ECF No. 7, ¶ 11. It follows that any interactions that occurred while A.T. was a student would have occurred, at the latest, in 2003. Plaintiff has not alleged any facts or given any indication that she remained a student beyond this time.

Because Plaintiff's claims under 42 U.S.C. § 1983 accrued in 2003, she was required to file suit by 2006 under Washington's three-year statute of limitations. Roughly ten years have now passed since Plaintiff's claims became time-barred based on her failure to assert them.

### V. CONCLUSION

In sum, there are no allegations of conduct by Defendant Verver that occurred more recently than 2003. Plaintiff has not asserted that she was unaware of Defendant Verver's actions until a later

DEFENDANT CRAIG VEVER'S
MOTION TO DISMISS - 6
CASE NO. 2:16-cv-01536-JLR

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

date, so her claims accrued as a matter of law in 2003. Having filed her Complaint and Amended Complaint nearly sixteen years later, Plaintiff's cause of action against Defendant Verver is well beyond the applicable three-year statue of limitations. For the foregoing reasons, Defendant Verver respectfully submits that Plaintiff's complaint does not state a legally cognizable § 1983 claim and should, therefore, be dismissed with prejudice.

DATED: October 27, 2016.

COGDILL NICHOLS REIN WARTELLE ANDREWS

*s/ Michael J. Andrews*
Michael J. Andrews, WSBA No. 26176
Email: michaela@cnrlaw.com

*s/ Mark P. Giuliano*
Mark P. Giuliano, WSBA No. 49871
Email: mark@cnrlaw.com

3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435

*Attorneys for Defendant Craig Verver*

DEFENDANT CRAIG VEVER'S
MOTION TO DISMISS - 7
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kevin M. Hastings
Darrell L Cochran
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave, Ste 200
Tacoma, WA 98402
Phone: 253-617-0270
Email: kevin@pcvalaw.com
Email: darrell@pcvalaw.com
*Attorneys for Plaintiff*

Angela Marshlain
Charles P E Leitch
Patterson, Buchanan, Fobes & Leitch PS
2112 Third Avenue, Ste 500
Seattle, WA 98121
Phone: 206-462-6700
Email: anm@pattersonbuchanan.com
Email: CPL@pattersonbuchanan.com
*Attorneys for Defendants Everett School District and Carol Whitehead*

SIGNED AND DATED this 27th day of October, 2016 at Everett, Washington.

COGDILL NICHOLS REIN WARTELLE ANDREWS

*s/ Mark Giuliano*
Mark Giuliano, Attorney for Plaintiff
mark@cnrlaw.com

DEFENDANT CRAIG VEVER'S
MOTION TO DISMISS - 8
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435