THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.T., individually,<br><br>                Plaintiff,<br><br>vs.<br><br>EVERETT SCHOOL DISTRICT, a public corporation; CAROL WHITEHEAD, an individual; CRAIG VERVER, and individual,<br><br>                Defendants. | NO. 2:16-cv-01536-JLR<br><br>DEFENDANT CRAIG VERVER'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS<br><br>NOTED ON MOTION CALENDAR: FRIDAY, NOVEMBER 18, 2016 |

## I. REPLY

Plaintiff A.T.'s Response does not obviate the legal conclusion that it is apparent on the face of her Complaint and Amended Complaint that any alleged § 1983 claim against Defendant Craig Verver accrued in 2003 and expired three years later. Accordingly, Mr. Verver re-asserts his Rule 12(b)(6) motion to dismiss Plaintiff's action against him because her Complaint and Amended Complaint fail as a matter of law to state a claim for which relief can be granted.

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 1
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN
WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

**A.  Dismissal is Appropriate Where the Complaint Makes Clear the Claim is Barred**

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). To succeed in dismissing the complaint at this stage, a party raising a statute of limitations defense must show the time bar appears "on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Defendant Verver does not dispute that statute of limitations is an affirmative defense. While Plaintiff makes much of this technicality in her Response, a complaint is nonetheless subject to dismissal "[i]f the allegations … show that relief is barred by applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) for the proposition that "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face").

The Court's review of a 12(b)(6) motion to dismiss is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All factual allegations outlined in the complaint "are taken as true." *Id*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] court must accept as true all of the allegations contained in a complaint… .")[1]. In general, the Court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). There are certain exceptions to this general principle. For example, "material

---

[1] Defendant Verver is not admitting the veracity of Plaintiff's claims but accepts them as true for the limited purpose of this motion.

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 2
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN
WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:    (425) 259-6435

1  which is properly submitted as part of the complaint may be considered." *Id*. Similarly,

2  "documents whose contents are alleged in a complaint and whose authenticity no party

3  questions, but which are not physically attached to the pleading," may also be considered.

4  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds). In addition,

5  the Court may take judicial notice of matters of public record. *Mack v. South Bay Beer*

6  *Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (overruled on other grounds).

7      Plaintiff has submitted a Declaration in support of her Response to this Motion to

8  Dismiss, s*ee* Declaration of A.T., Dkt. No. 16, assumedly to cure a perceived deficiency in her

9  Amended Complaint. But these belated statements do not negate the factual allegations that she

10  already submitted to the Court. Defendant's Motion to Dismiss can be properly addressed by

11  looking solely at the Amended Complaint because the allegations contained within the pleading

12  affirmatively show that relief is barred by the applicable statute of limitations. Accordingly,

13  Defendant Verver objects to the submission of A.T.'s declaration, and respectfully requests this

14  Court to exclude these matters from consideration pursuant to Rule 12(d).

15      **B.  It is Clear on the Face of the Complaint Plaintiff's Claims Accrued in 2003**

16      The accrual date of a 42 U.S.C. § 1983 cause of action is a question of federal law.

17  *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In *Wallace v. Kato*, the Supreme Court established

18  the accrual date of § 1983 claims for unlawful arrest. In justifying its conclusion that the claim

19  accrues when one is first detained and not at a subsequent date despite damages that arise later,

20  the Court provided the following overview of accrual jurisprudence:

21          Under the traditional rule of accrual ... the tort cause of action
        accrues, and the statute of limitations commences to run, when the
22          wrongful act or omission results in damages. ***The cause of action***

23  DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 3
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN
WARTELLE ANDREWS**
3232 Rockefeller Avenue
24  Everett, WA  98201
Phone: (425) 259-6111
Fax:    (425) 259-6435

> *accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough*, placing the supposed statute of repose in the sole hands of the party seeking relief.

*Id*. at 391 (internal quotations and citations omitted) (emphasis added).

### 1. According to the Plaintiff, She First Recognized Her Injury in 2003

Plaintiff argues that her claim did not accrue until the fall of 2015 because it was not until this point that she understood that Craig Verver "sexually abused her and caused injuries and damages." Response, Dkt. No. 15, at 13. In so arguing, she treats the psychological problems she has experienced in adulthood as separate and distinct from the injuries she admits to suffering in 2003. She cannot, however, delay the accrual of her claim by separating her later psychological injuries from any alleged physical and psychological injuries suffered at an earlier time. Rather, all of the alleged harm constitutes A.T.'s injury for purposes of claim accrual. *See, e.g.*, *K.E.S. v. United States,* 38 F.3d 1027, 1030 (8th Cir. 1994) (rejecting the argument that the plaintiff's claim was "only for psychological injury" arising from prior sexual abuse, and that such claim did not accrue until she learned that her psychological injury was caused by the abuse).

In January of 2003, when Plaintiff was eighteen years old, Plaintiff admits she was "very upset … she felt like there was a big misunderstanding … [and] [s]he felt very confused and betrayed." Amended Complaint, Dkt. 7, ¶ 15. At this time she "felt powerless and scared." *Id*. After she was allegedly kissed by Defendant Verver, she went home and "hid in the closet and cried uncontrollably." *Id*. It was at this point that "[s]he considered switching out of Verver's class." According to Plaintiff, there were numerous occasions over the course of 2003 in which she stated "she did not want to continue." *Id*. at ¶ 18. It is therefore clear and unambiguous that

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 4
CASE NO. 2:16-cv-01536-JLR

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

Plaintiff recognized and appreciated an injury occurred. She acknowledges that she was scared, that alleged conduct caused her fear, that her feelings manifested physically, and that she was vocal and outspoken about her recognition of the wrongness of the alleged acts and their damages. Her argument that she did not fully appreciate or connect her injuries to actions that occurred years prior, or that the damages did not fully manifest until 2015, does not absolve her of a duty to file this § 1983 action three years from the date she first became aware of any injury associated with Mr. Verver's alleged conduct described in her Complaint.

> **2. The Overwhelming Weight of Caselaw Recognizes that Claims Do Not Accrue Past the Date an Injury is First Recognized, Even in Cases of Sexual Abuse**

Numerous courts, including the Ninth Circuit, recognize that a plaintiff need not realize the extent, seriousness, or permanence of an injury for a claim to accrue. *See Soliman v. Philip Morris Inc.,* 311 F.3d 966, 972 (9th Cir. 2002) (claim accrues when plaintiff first becomes aware that defendant's conduct caused injury); *Brademas v. Indiana Housing Finance Authority*, 354 F.3d 681, 686 (7th Cir. 2004) (federal accrual discovery rule does not suspend the accrual of a claim until the plaintiff experiences the entirety of consequences resulting from an injury, but only until the plaintiff has knowledge of an allegedly unlawful action.); *Gonzalez v. United States,* 284 F.3d 281, 289 (1st Cir. 2002) ("[t]he plaintiff need not know either the full extent of the injury," or "that it was negligently inflicted" for a cause of action to accrue) (citation omitted); *Goodhand v. United States*, 40 F.3d 209, 212–13 (7th Cir. 1994) ("The statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later.... [T]o treat the complications of an injury as a new injury is pretty much to erase the rule that the plaintiff cannot wait to sue until he realizes the full extent

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 5
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

of his injury"); *Gregg v. Haw. Dep't of Pub. Safety,* 2014 WL 4129525, at *9 (D. Haw. Aug. 18, 2014) ("Plaintiff's claims accrued when she was aware that she suffered injury from Defendants, and the fact that it was not until later that Plaintiff was formally diagnosed and/or that she learned the full extent of injury does not make the accrual date a moving target."); *Maldonado–Gonzalez v. Puerto Rico Police,* 927 F.Supp.2d 1, 11 (D.P.R. 2013) ("Notice of the injury occurs when there exist some outward or physical signs through which the aggrieved party may become aware and realize that he has suffered an injurious after effect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed.") (quoting *Torres v. E.I. Dupont De Nemours & Co.,* 219 F.3d 13, 19 (1st Cir. 2000)); *Bohrer v. City Hosp., Inc.,* 681 F.Supp.2d 657, 665 (N.D. W.Va. 2010) ("To be aware of an injury, a plaintiff need not know the full extent of his or her injury. The limitations period will run even though the ultimate damage is unknown or unpredictable.") (citation omitted).

Applying this well-established premise of federal accrual law, courts have reached the same conclusions in the context of psychological injuries arising from sexual or physical abuse. In *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208 (10th Cir. 2014), the plaintiff filed suit against a school district under § 1983 to recover damages arising from a coach's sexual abuse. The plaintiff argued that her claims did not accrue "until she had discovered the extent of the injury inflicted on her by the abuse," because she was not able to connect her "chronic psychiatric injuries" to her coach's abuse until she underwent counseling several years later. *Id.* at 1215. The Court found that the plaintiff's claims to only have recently discovered the extent of her psychological injuries was contradicted by the allegations contained within her complaint. Namely, the *Varnell* plaintiff's complaint alleged, among other things, that:

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 6
CASE NO. 2:16-cv-01536-JLR

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

> 14. Eventually, Amber Shaw manipulated Plaintiff into performing cunnilingus on her although Plaintiff would try to get out of having to perform cunnilingus on her coach by feigning sickness.
> 15. Amber Shaw told Plaintiff not to tell anyone so she would not get in trouble.
> ....
> 17. Plaintiff was too afraid to disclose to anyone that she was being sexually abused by her female coach.
> 18. Plaintiff was afraid to report the sexual abuse because she feared being bullied by her peers at a [sic] school for engaging in homosexual sexual acts with her female coach.

*Id*. at 1216.

Based on these admissions in the complaint, the court held that the plaintiff "knew long before she filed suit all the facts necessary to sue and recover damages. Although she may not have known how harmful [the] abuse was, '[t]he cause of action accrues even though the full extent of the injury is not then known or predictable.'" *Id.* (quoting *Wallace,* 549 U.S. at 391).

Similarly, in *Singleton v. Clash,* 951 F. Supp. 2d 578 (S.D.N.Y. 2013), the district court discussed the accrual of claims alleged by victims of childhood sexual abuse against their abuser under 18 U.S.C. § 2255(a). *Id.* at 587–88. The court rejected the plaintiffs' argument that their claims accrued only when they connected their ongoing psychological injuries to the abuse they suffered as minors. The district court reasoned that "[t]he dates on which the plaintiffs connected their psychological injuries to their victimizations are irrelevant to the dates on which their claims accrued." *Id.* at 588. Thus, "[t]he plaintiffs' 'injuries' for the purpose of accrual under Section 2255 were their victimizations by the defendant, not their appreciation of the subsequent psychological harm." *Id.* at 589. The Court of Appeals for the Second Circuit affirmed, finding that "the plaintiffs' complaints indicate that they were aware of this alleged conduct at the time that it occurred." *S.M. v. Clash,* 558 Fed. Appx. 44, 45 (2d Cir. 2014).

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 7
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

And in *Bonneau v. Centennial School District*, 666 F.3d 577 (9th Cir. 2012), the Ninth Circuit examined a 34-year-old plaintiff's argument that his § 1983 claim for abuse he suffered at the hands of his elementary school teachers did not accrue until just prior to filing because he "repressed memories" of the abuse. The Court held that he had not alleged acts supporting delayed accrual because he was aware of his earlier injury as evidenced by his admission that he spoke out about it at the time.

### C. The *Simmons* Transference Doctrine is Not Applicable Here

Plaintiff relies almost entirely on the case of *Simmons v. US*, 805 F.2d 1363 (9th Cir. 1986) to support her theory that her claim did not accrue until 2015. *Simmons* dealt with a very specific phenomenon—"transference"—that arises in the context of psychoanalytical therapy. *Id*. at 1364. Transference is "the projection of feelings, thoughts and wishes onto the analyst, who has come to represent some person from the patient's past." *Id*. (citation omitted). In *Simmons*, a therapist used this phenomenon to induce his patient to engage in a sexual affair. Expert testimony in that case persuaded the district court to find that the patient did not immediately realize the effects of her injury until later because the transference phenomenon makes "sexual contact [with one's counselor] … akin to engaging in sexual activity with a parent." *Id*. at 1367. Additionally, the district court found that a patient in that situation is especially vulnerable in that context because he or she is "usually suffering from all or some of the psychological problems that brought him or her into therapy to begin with." *Id*. Because of this, the *Simmons* plaintiff only learned through later counseling that her psychological problems were based on the affair with the earlier counselor who mishandled the "transference." *Id*. at 1364.

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 8
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:    (425) 259-6435

*Simmons* is very distinguishable for two principal reasons. First, Defendant Verver was not remotely engaged in psychotherapeutic counseling in which he employed the "transference" phenomenon, and this doctrine does not apply outside of the context of mental health counseling. As another district court has put it succinctly,

> It would be a mistake to leap from the specific dynamic of a psychologist-patient relationship, vis-a-vis *Simmons,* and generalize from it to any relationship in which there is an imbalance of power or authority. To [do otherwise] would enunciate a rule that when a sentient person is wronged by an authority figure … and is told the wrong is, in fact, permitted, a tort action against the sovereign may be delayed until the possible development of a later psychic manifestation.
>
> *Shirley v. United States*, 832 F. Supp. 1324, 1328–29 (D. Minn. 1993), *aff'd sub nom. K.E.S. v. United States*, 38 F.3d 1027 (8th Cir. 1994).

Plaintiff has not provided any examples of a court in any jurisdiction applying this 30-year-old decision in the context of a student-teacher relationship. Instead, Plaintiff cites to a plethora of cases examining state law and implicitly asks the Court to make the extraordinary leap of applying *Simmons'* specific holding to her § 1983 claim even though she has not cited any decisions which have done so. Plaintiff's only citation to a *Simmons* progeny—*Oslud v. United States*, 701 F. Supp. at 712—contemplated delayed accrual for a plaintiff who was mentally incapacitated for a reason separate and apart from the harm alleged. And all of the cases cited by Plaintiff on the subject of child abuse[2] are matters of state law, and are therefore irrelevant. "§ 1983 … claims are distinct from and unaffected by the manner in which a state

---

[2] See Response, Dkt. No. 15, at 10-11 (citing *Evans v. Eckelman*, 265 Cal. Rptr. 605 (Cal Ct. App. 1990); *K.E. v. Hoffman*, 452 N.W.2d 509 (Minn. Ct. App. 1990); *Meiers-Post v. Schafer*, 427 N.W.2d 606 (Mich. Ct. App.1988); *Hammer v. Hammer*, 418 N.W.2d 23 (Wis. Ct. App. 1987); *Jasmin v. Ross*, 33 P.3d 725 (Or. Ct. App. 2001)).

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 9
CASE NO. 2:16-cv-01536-JLR

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

chooses to shape a state law cause of action. [Federal Courts] therefore do not—and need not—analyze [Plaintiff's] claims under state law." *Bonneau*, 666 F.3d at 577. Lastly, Plaintiff's social science discourse on the latent effects of childhood sexual abuse are similarly a misdirection and not applicable to the subject before the court. To be clear, Plaintiff alleges that she was 18-years-old before any sexual activity occurred, and her response admits as much. *See* Response, Dkt. No. 15, at 3 ("Just after A.T. turned 18-years-old, Verver … began to make overt sexual advances.") (citing to Amended Complaint, Dkt. No. 7, ¶¶ 14-16).

Secondly, and more importantly, it is clear on the face of A.T.'s Complaint and Amended Complaint that she was aware of her injury at the time the alleged acts with Mr. Verver occurred. She admits to feeling fear, guilt, shame, crying in her closet, and telling Mr. Verver she did not want to continue. That is wholly opposite to the relationship described in *Simmons* where the patient carried on a romantic affair without realizing it caused her injury until later. Any precedential value of the *Simmons* holding is inapplicable to the case at bar because the Plaintiff unambiguously acknowledges that she recognized a form of injury from alleged acts in 2003.

**D.  The Only Relevant Tolling Provision Does Not Save Plaintiff's Claim**

For the sake of negating all possible arguments for why Plaintiff's claim would have tolled, Defendant will address Washington's tolling provision for victims of childhood sexual abuse, which Plaintiff has cited in part. Plaintiff cites to the legislature's findings in enacting Washington's tolling provision for actions based on childhood sexual abuse. *See* Response, Dkt. No. 15, at 8 (citing RCW 4.16.340). Reference to this statute is emblematic of Plaintiff's general intent to make references where possible to childhood sexual abuse, whereas the facts contained in Plaintiff's Amended Complaint do not meet the legal definition contained within the very

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 10
CASE NO. 2:16-cv-01536-JLR

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

statue she cites.[3] Under this provision of Washington law, the statute of limitations for actions based on childhood sexual abuse are tolled until the a victim discovers or reasonably should have discovered that the injury or condition was caused by an alleged act. The statute explicitly defines "childhood sexual abuse" as "any act committed … against a complainant who was *less than eighteen years of age* at the time of the act *and* which act would have been a violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the act was committed." RCW 4.16.340(5) (emphasis added). RCW 9.68A.040 defines sexual exploitation of a minor, and concerns photography or live performance of sexually explicit conduct. Clearly that statute does not apply. Chapter 9A.44 RCW encompasses Washington sexual offenses, and, for purposes of this matter, potentially relevant offenses include rape of a child in the first, second, and third degree; child molestation in the first, second, and third degree; sexual misconduct with a minor in the first and second degree; and indecent liberties. A required element of rape of a child in the first, second and third degrees is that a "person under the age of eighteen" have "sexual intercourse" with another person. RCW 9A.44.073; 076; 079. Likewise, a required element of sexual misconduct with a minor in the first degree is that a person "less than eighteen years old" has "sexual intercourse." RCW 9A.44.093(1)(a).[4] A required element of child molestation in the third degree is that the victim be "less than sixteen years old." RCW

---

[3] Plaintiff has captioned the case using only her initials, a practice reserved for minor abuse victims. Plaintiff offered the conclusory statement that she "was repeatedly abused as a minor," *see* Amended Complaint, Dkt. 7, ¶ 1, even though her Amended Complaint does not contain a single factual allegation of any sexual acts occurring before she reached adulthood, *see id*. ¶ 7-22.

[4] A variation of sexual misconduct with a minor in the first degree—sexual intercourse between a teacher and an enrolled student, RCW 9A.44.093(1)(b)—is inapplicable to the instant matter because it must be read in conjunction with the tolling statute, which only applies to acts occurring to minors.

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 11
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN
WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

9A.44.089. The elements are "less than twelve years old" for molestation in the first degree, RCW 9A.44.083, and "less than fourteen years old" for molestation in the second degree, RCW 9A.44.086. The crimes of Sexual Misconduct with a Minor in the Second Degree, RCW 9A.44.096, and Indecent Liberties, RCW 9A.44.100, both have a required element that the perpetrator make "sexual contact" with another person.

Accepting Plaintiff's allegations as true for purposes of this motion, the Washington tolling provision would not apply to rescue Plaintiff's claims. Plaintiff has not described any actions constituting sexual intercourse or contact before the age of eighteen. Therefore, as a matter of law, RCW 4.16.340 cannot operate to toll the statute of limitations on her claim despite her conclusory statements that Mr. Verver engaged in "grooming" and "manipulating" A.T. prior to sexual contact—these blanket terms are not contemplated within the criminal code.

## II.     CONCLUSION

Defendant respectfully requests the Court grant his Rule 12(b)(6) motion to dismiss Plaintiff's claim against him for failure to state a claim for which relief can be granted.

DATED: November 18, 2016.

COGDILL NICHOLS REIN WARTELLE ANDREWS

*s/ Michael J. Andrews*
Michael J. Andrews, WSBA No. 26176
*s/ Mark P. Giuliano*
Mark P. Giuliano, WSBA No. 49871
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax: (425) 259-6435
Email: michaela@cnrlaw.com
Email: mark@cnrlaw.com
*Attorneys for Defendant Craig Verver*

DEFENDANT CRAIG VEVER'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS - 12
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA  98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

# **CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kevin M. Hastings
Darrell L Cochran
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave, Ste 200
Tacoma, WA 98402
Phone: 253-617-0270
Email: kevin@pcvalaw.com
Email: darrell@pcvalaw.com
*Attorneys for Plaintiff*

Angela Marshlain
Charles P E Leitch
Haley Moore
Patterson, Buchanan, Fobes & Leitch PS
2112 Third Avenue, Ste 500
Seattle, WA 98121
Phone: 206-462-6700
Email: anm@pattersonbuchanan.com
Email: CPL@pattersonbuchanan.com
Email: hem@pattersonbuchanan.com
*Attorneys for Defendants Everett School District and Carol Whitehead*

SIGNED AND DATED this 18th day of November, 2016 at Everett, Washington.

COGDILL NICHOLS REIN WARTELLE ANDREWS

*s/ Mark Giuliano*
Mark Giuliano, Attorney for Plaintiff
mark@cnrlaw.com

DEFENDANT CRAIG VEVER'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS - 13
CASE NO. 2:16-cv-01536-JLR

**COGDILL NICHOLS REIN WARTELLE ANDREWS**
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435