UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.T.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EVERETT SCHOOL DISTRICT, et al.,<br><br>　　　　　　Defendants. | CASE NO. C16-1536JLR<br><br>ORDER |

## I.　INTRODUCTION

This matter comes before the court on Defendant Craig Verver's motion to dismiss Plaintiff A.T.'s complaint as untimely. (Mot. (Dkt. # 12).) A.T. opposes the motion (*see* Resp. (Dkt. # 15)), and Mr. Verver has filed a reply (*see* Reply (Dkt. # 17)). Having considered these submissions, the relevant portions of the record, and the applicable law,

ORDER- 1

and considering itself fully advised,[1] the court GRANTS Mr. Verver's motion and GRANTS A.T. leave to amend her complaint, as detailed herein.

## II. BACKGROUND[2]

A.T.[3] attended a high school in the Everett School District from 2001 to 2003. (Am. Compl. (Dkt. # 7) ¶ 7.) Mr. Verver was one of A.T.'s teachers during the 2001-2002 school year and the 2002-2003 school year. (*Id.*) A.T. was also a cabinet member of the National Honor Society, for which Mr. Verver served as a faculty adviser. (*Id.*) During the 2001-2002 school year, Mr. Verver singled out A.T. in class, teased her, and gave her special attention. (*Id.* ¶ 9.) Mr. Verver told A.T. that she would need to take "calculated risks" to be exceptional and extraordinary in order to stand out for college admissions. (*Id.*) At the end of the school year, Mr. Verver encouraged A.T. to run for honor-society president, a position that required working closely with him in his capacity as faculty adviser. (*Id.* ¶ 10.) A.T. was elected honor-society president for the following

---

[1] Neither party requested oral argument, and the court considers it unnecessary in this instance. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court bases its recitation of the facts on A.T.'s complaint and, for the purpose of this order, accepts as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[3] A.T. has filed her complaint under a pseudonym. "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "[A]llegations of sexual assault weigh in favor of using . . . initials in the caption" of a case. *R.P. v. Seattle Sch. Dist.*, No. C13-2218MJP, 2014 WL 639408, at *1 (W.D. Wash. Feb. 18, 2014). Further, none of the defendants raise an objection to A.T.'s use of initials. The court therefore refers to A.T. by her preferred pseudonym throughout this order.

ORDER- 2

year, and Mr. Verver gave A.T. his personal contact information so that they could be in touch over the summer.

In October 2002, A.T. attended a school dance, after which she stayed to help clean up. (*Id.* ¶ 11) After the dance ended, Mr. Verver kept A.T. for hours and engaged her in conversation about their "unique[] relationship." (*Id.*) Mr. Verver told A.T. that "he was worried about his role in her life and was envious of her parents because A.T. might leave him after graduation while she would always be her parents' child." (*Id.*) Mr. Verver expressed to A.T. that he was concerned about her future and protective regarding who she may choose to date or marry. (*Id.*) Mr. Verver also shared with A.T. that he was having marital problems. (*Id.*)

Mr. Verver later confided in A.T. that his wife was pregnant and that he was "crushed about the news." (*Id.* ¶ 12.) A.T. also began confiding in Mr. Verver about her relationships with boys. (*Id.* ¶ 13.) During one conversation on this topic, A.T. told Mr. Verver that she was uncomfortable expressing physical boundaries. (*Id.*) In response, Mr. Verver sat next to A.T. and put his hand on her thigh. (*Id.*) Mr. Verver asked A.T. whether, if a date put his hand on her thigh, she would be able to tell him "no." (*Id.*)

A.T. turned 18 on January 5, 2003. (*Id.* ¶ 14) Later that month, she visited Mr. Verver's classroom. (*Id.*) Mr. Verver greeted A.T. with a hug and a kiss on the cheek. (*Id.*) The next time A.T. saw Mr. Verver, he asked her how she felt about the kiss he gave her. (*Id.*) A.T. told Mr. Verver that it made her nervous. (*Id.*) Mr. Verver kissed A.T. on the cheek again. (*Id.*)

ORDER- 3

At the end of January 2013, A.T. was in Mr. Verver's classroom on a weekend. (*Id.* ¶ 15). Mr. Verver told A.T. he was going to "steal a kiss" and kissed A.T. on the mouth. (*Id.*) A.T. became "very upset" and felt like there was a misunderstanding between her and Mr. Verver. (*Id.*) Mr. Verver told A.T. that he was going to "steal another kiss," and he kissed her again. (*Id.*) Mr. Verver suggested that they move to the couch, and Mr. Verver kissed A.T. and put his hands up her shirt. (*Id.*) A.T. felt "powerless" and "scared" about making Mr. Verver angry. (*Id.*) When A.T. returned home later in the day, she "hid in the closet and cried uncontrollably." (*Id.*) A.T. considered switching out of Mr. Verver's class, but she was too afraid of the potential repercussions. (*Id.*) The next school day, Mr. Verver pulled A.T. aside and asked her to stop by before school to discuss what had happened between them. (*Id.*) Mr. Verver told A.T. it could never happen again, but then pulled her in and kissed her saying, "Well, we both knew we couldn't help ourselves." (*Id.*)

Sexual contact between A.T. and Mr. Verver continued to escalate. (*Id.* ¶ 16.) In April 2003, A.T. went to Mr. Verver's classroom to gather supplies for a car wash. (*Id.*) Mr. Verver produced a pack of condoms and asked A.T. to put one on him. (*Id.*) A.T. hesitated, and Mr. Verver asked her, "Do you want me to wear this? Then put it on me." (*Id.*) A.T. acquiesced, and the two had sexual intercourse. (*Id.*) After this encounter, Mr. Verver and A.T. had sex on multiple occasions in his classroom and in other locations in the school. (*Id.* ¶ 17.) A.T. told Mr. Verver several times that she did not want to continue. (*Id.*) A.T.'s complaint does not indicate when A.T. and Mr. Verver's final sexual encounter occurred, but A.T. does not allege any sexual contact after 2003.

ORDER- 4

In 2016, A.T. brought suit against Mr. Verver, the Everett School District, and district superintendent Carol Whitehead under 42 U.S.C. § 1983. A.T. claims that Mr. Verver sexually "groomed" and assaulted A.T. in violation of the Ninth and Fourteenth Amendments of the United States Constitution. (*Id.* ¶ 23.) A.T. seeks compensatory and punitive damages for the violation of her constitutional rights as well as "mental anguish and emotional distress." (*Id.* ¶¶ 21-22.)

### III.   ANALYSIS

#### A.   Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pled facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

#### B.   Statute of Limitations

The statute of limitations for a Section 1983 claim brought in a Washington forum is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). The limitations period begins to run on the date on which the plaintiff's claim accrues, or

"when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City and Cty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008). Mr. Verver contends that A.T.'s complaint alleges emotional injury occurring in 2003, making her 2016 complaint untimely. (Mot. at 12.) Mr. Verver points specifically to A.T.'s allegations that, after her sexual encounters with Mr. Verver, she felt fear, guilt, and shame, as evidence that she was aware of her injury during her high-school years. (Reply at 10.)

A.T. counters that, in spite of her allegations that she reacted adversely to Mr. Verver's sexual advances, the complaint is silent on when A.T. knew of the particular injury for which she is seeking relief. (Resp. at 6.) A.T. argues that, after further discovery, she will be able to show that she did not know of her injury until the fall of 2015, at which time she experienced a panic attack and first realized that she was a victim of sexual abuse. (*Id.* at 13-14.)

This court has recognized "the possibility that a person who has been in a sexually abusive relationship may not realize that he or she is injured until many years after the sexual act occurred." *J.I. v. United States*, No. C06-5674RJB, 2007 WL 983138, at *5 (W.D. Wash. March 26, 2007) (citing *Simmons v. United States*, 805 F.2d 1363, 1368 (9th Cir. 1986)). Such deferred discovery of an injury may be grounds for delaying accrual of a cause of action related to sexual abuse until years after the abusive relationship has ended. *Simmons*, 805 F.2d at 1367-68.

If the court were to accept as true A.T.'s assertion that she did not know of her injury until 2015, then her complaint would survive Mr. Verver's motion to dismiss. But

ORDER- 6

this allegation does not appear on the face of A.T.'s complaint. (*See generally* Am. Compl.) In fact, all of A.T.'s allegations are confined to the period from 2001 to 2003. (*See id.*) The first mention of A.T.'s 2015 panic attack is in her response to Mr. Verver's motion to dismiss. (Resp. at 13-14.) Considering only the face of A.T.'s complaint, then, it is apparent that the statute of limitations has run. The court therefore dismisses A.T.'s claim against Mr. Verver as untimely.

**C. Leave to Amend**

As a general rule, when a court grants a motion to dismiss, the court should dismiss the complaint with leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051. In determining whether dismissal without leave to amend is appropriate, courts consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052 (emphasis in original).

Mr. Verver offers no argument to overcome the strong presumption in favor of granting A.T. leave to amend her complaint. Further, where "the plaintiff offers to provide additional evidence that would add necessary details to an amended complaint

ORDER- 7

and such [an] offer is made in good faith, leave to amend should be granted." *Broudo v. Dura Pharm.*, 339 F.3d 933, 941 (9th Cir. 2003). In her response to Mr. Verver's motion, A.T. offered facts about the discovery of her injury that would allow the court to draw a reasonable inference that her complaint is timely. (Resp. 13-14.) The court therefore grants A.T. leave to amend her complaint within 20 days of the entry of this order. If A.T. does not timely amend her complaint to remedy the deficiencies identified herein, the court will dismiss her claims against Mr. Verver with prejudice.

## IV. CONCLUSION

The court GRANTS Mr. Verver's motion to dismiss (Dkt. # 12) and GRANTS A.T. leave to amend her complaint within 20 days of the entry of this order.

Dated this 28th day of February, 2017.

JAMES L. ROBART
United States District Judge

ORDER- 8